# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| BILAL UZ ZAMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. |
| ) | 7:16-cv-1677-LSC-JEO |
| ) | |
| WILLIE THOMAS, Warden, and ) | |
| the ATTORNEY GENERAL FOR ) | |
| THE STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

## RESPONDENTS' ANSWER TO
## PETITION FOR WRIT OF HABEAS CORPUS

Come now the Respondents, by and through the Attorney General for the State of Alabama, and submit this answer in response to this Honorable Court's order to show cause why a writ of habeas corpus should not be granted in this case. The Respondents deny that Zaman is entitled to any relief under 28 U.S.C. § 2254, and as grounds therefor, offer the following:

## PROCEDURAL HISTORY

**A.    Zaman's Conviction, sentences, and direct appeal."**

1.   On August 1, 2013, Zaman was indicted by a Morgan County grand jury for the offense of sodomy in the first degree, a violation of Ala. Code § 13 A–

6–63 (1975). (Exhibit A at 7) On August 31, 2015, Zaman was convicted of sodomy in the first degree as charged in the indictment. (Exhibit A at 22) On October 28, 2015, Zaman was sentenced to serve twenty years in the custody of the Alabama Department of Corrections and was denied probation. (Exhibit A at 24–25)

2. On March 29, 2016, Zaman's appellate counsel filed a no–merit[1] brief with the Alabama Court of Criminal Appeals. (Exhibit B) In that brief, counsel asserted that there did not appear to be any legitimate issues to present for review on appeal. (Exhibit B at 42) On June 2, 2016, Zaman filed pro-se issues on his own behalf with the Alabama Court of Criminal Appeals. (Exhibit C) On August 5, 2016, the Alabama Court of Criminal Appeals issued an unpublished memorandum opinion in which it affirmed Zaman's conviction in the Morgan County Circuit Court. (Exhibit D) The Court of Criminal Appeals noted that Zaman's appointed counsel had filed a "no – merit" brief and that Zaman had been afforded the opportunity to present pro-se issues for the court to consider. (Exhibit D at 12) The Court of Criminal Appeals further found that Zaman had presented two pro se issues in which he cited no legal authority for his claims nor did he cite to any portions of the record and that his issues were actually statements that declared his innocence. (Exhibit D at 2)

---

[1] Anders v. California, 386 U.S. 738 (1967).

3. Zaman sought certiorari review with the Alabama Supreme Court on September 4, 2016. (Exhibit E) On September 20, 2016, the Alabama Supreme Court ordered that Zaman's petition be stricken for failing to comply with the provisions of Rule 39(c) (1), Ala .R. App. P. On September 30, 2016, the certificate of judgment was issued in Zaman's case. (Exhibit F)

### Zaman's present petition for a writ of habeas corpus

4. On October 8, 2016, Zaman filed the present petition for a writ of habeas corpus. (Petition [Doc. 1] at 1-8) In that petition, Zaman raises four claims for relief:

(a) Zaman was denied his right to a fair trial under the 14th amendment to the U. S. Constitution because, as a foreigner who was born in Pakistan, he does not understand basic language nor American law;

(b) The court records were falsified and/or signatures on certain documents were not authorized;

(c) Zaman was denied due process of law and denied counsel; and,

(d) Zaman was denied his right to appellate review and due process of law and the Alabama appellate courts erred by allowing his counsel to file a a "no – merit" brief.

(Petition [Doc. 1] at 5-8)

5. Although Zaman has failed to raise any grounds on which he is entitled to relief, he filed his petition within the limitations period set forth in the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), 28 U.S.C. § 2244(d).

## ARGUMENT

### I. Zaman Has Not Exhausted His Claims.

6. Section 2254(b)(1) of Title 28 of the United States Code provides as follows:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>
> > (A) the applicant has exhausted the remedies available in the courts of the State; or
> >
> > (B)(i) there is an absence of available State corrective process; or
> >
> > (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

7. "The exhaustion requirement dictates that the precise issues presented in the federal petition must have been presented to the state courts." Heath v. Jones, 863 F.2d 815, 818 (11th Cir. 1989). This "doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts[.]" O'Sullivan v. Boerckel, 526

4

U.S. 838, 845, 119 S. Ct. 1728, 1732 (1999). To exhaust his state remedies, a petitioner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Id. A complete round of a state's appellate review process includes filing "a petition for discretionary review in the state's highest court raising that issue, if discretionary review is part of the appellate procedure of that state." Smith v. Jones, 256 F.3d 1135, 1138 (11th Cir. 2001) (citing Boerckel, 526 U.S. at 845-47, 119 S. Ct. at 1732-34). This is true even where the state's highest court "rarely grants such petitions and usually confines itself to answering questions of broad significance." Smith, 256 F.3d at 1138. When a habeas petitioner fails to "'fairly present[ ]' every issue raised in his federal petition to the state's highest court, either on direct appeal or on collateral review," he fails to exhaust his claims. Maples v. Allen, 586 F.3d 879, 886 (11th Cir. 2009)(citation omitted). Finally, "Alabama's discretionary direct review procedures bring Alabama prisoner habeas petitions within the scope of the Boerckel rule." Smith, 256 F.3d at 1140.

8. Furthermore, where a "petitioner has failed to exhaust state remedies that are no longer available, that failure is a procedural default which will bar federal habeas relief, unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." Smith, 256 F.3d at 1138. See also, Smith v.

Murray, 477 U.S. 527, 533, 106 S. Ct. 2661, 2665-66 (1986) ("although federal courts at all times retain the power to look beyond state procedural forfeitures, the exercise of that power ordinarily is inappropriate unless the defendant succeeds in showing both 'cause' for noncompliance with the state rule and 'actual prejudice resulting from the alleged constitutional violation.'"). Thus, when a federal court examines a claim for exhaustion, it does not simply ask "whether a prisoner has exhausted his state remedies, but also whether he has *properly* exhausted those remedies, *i.e.*, whether he has fairly presented his claims to the state courts." Boerckel, 526 U.S. at 848, 119 S. Ct. at 1734. (Emphasis in original)

9. Zaman presented his claims to Alabama state courts through an affidavit which the Alabama Court of Criminal Appeals found was nothing more than a statement of his alleged innocence. (Exhibit C) Zaman, however, did raise in that affidavit his claim that he did not understand the proceedings at trial due to the fact that he is from Pakistan and does not speak comprehensive English. (Exhibit C at 1) Furthermore, Zaman also contended that he did not understand the proceedings nor was he provided a translator when he talked with an investigator. (Exhibit C at 1)

10. Zaman, however, failed to properly present his claims to the Alabama appellate Courts. First, Zaman's application for rehearing in the Court of Criminal Appeals was rejected by the Court because it was not submitted in compliance with

the rules of the Court which required the pleading to be signed either by an attorney or Zaman. (Exhibit G) Furthermore, the Court of Criminal Appeals informed Zaman that the individual who signed his application for rehearing was being referred to the Alabama State Bar because it appeared that the individual had engaged in the unauthorized practice of law. (Exhibit G) Zaman's petition for writ of certiorari to the Court of Criminal Appeals was stricken by the Alabama Supreme Court due to the fact that Zaman's petition was untimely. (Exhibit E) Most importantly, Zaman attempts to raise in the instant petition claims that were never presented to the state courts. Specifically, Zaman's claims that court records were falsified and that he was denied due process of law during his appeal are raised for the first time in the instant petition.[2] Thus, because Zaman never properly presented his claims to the Court of Criminal Appeals or to the Alabama Supreme Court, he failed to "give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." Boerckel, 526 U.S. at 845, 119 S. Ct. at 1732. See also, Heath, 863 F.2d at 818; Maples, 586 F.3d at 886; Smith, 256 F.3d at 1138.

---

[2] To the extent that Zaman raises a claim of ineffective assistance of counsel in his habeas petition, that claim could still be timely presented to state courts in the form of a Rule 32 petition filed in accordance with Rule 32 Ala. R. Crim. P. The Respondents are unsure as to the precise nature of this claim and merely raise this point in an abundance of caution.

11. Furthermore, under Alabama law, Zaman can no longer raise these claims in a Rule 32 petition. See Ala. R. Crim. P. 32.2(a)(4) (providing that "[a] petitioner will not be given relief under this rule based upon any ground . . . [w]hich was raised or addressed on appeal or in any previous collateral proceeding not dismissed pursuant to the last sentence of Rule 32.1 as a petition that challenges multiple judgments, whether or not the previous collateral proceeding was adjudicated on the merits of the grounds raised[.]"). Because Zaman can longer present these claims to the state courts, they are procedurally defaulted, and this Court cannot consider Zaman's claims "unless either the cause and prejudice or the fundamental miscarriage of justice exception is established." Smith, 256 F.3d at 1138.

12. Although Zaman has presented no argument regarding this procedural default, he cannot show either cause or prejudice or that a fundamental miscarriage of justice would occur if this Court did not consider his claims. Henderson v. Campbell, 353 F.3d 880, 892 (11th Cir. 2003).

## CONCLUSION

For the foregoing reasons, the Respondent respectfully moves this Court to dismiss Zaman's petition.

                                                  Respectfully submitted,

                                                  Luther Strange
                                                  *Attorney General*

                                                  /s/ John J. Davis
                                                  John J. Davis
                                                  *Assistant Attorney General*
                                                  Counsel for Respondent

# EXHIBITS

Exhibit A:   Trial court record and transcript;

Exhibit B:   No–merit brief filed by Zaman's appellate counsel on appeal;

Exhibit C:   Zaman's Pro–se issues filed with the Alabama Court of Criminal Appeals;

Exhibit D:   Unpublished memorandum opinion by the Alabama Court of Criminal Appeals;

Exhibit E:   Order of the Alabama Supreme Court striking Zaman's petition for writ of certiorari to the Alabama Court of Criminal Appeals;

Exhibit F:   Certificate of judgment in CR-15-0198; and,

Exhibit G:   Letter from Alabama Court of Criminal Appeals in CR-15-0198.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 3rd day of November, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and I hereby certify that I have mailed a copy of the foregoing (including all exhibits) by United States Postal Service to the following non-CM/ECF participant at the listed addresses:

>Bilal Uz Zaman
>AIS# 290028
>Bibb Correctional Facility
>565 Bibb Lane
>Brent, Alabama 35034

/s/ John J., Davis
John J. Davis
*Assistant Attorney General*

ADDRESS OF COUNSEL:

Office of the Attorney General
501 Washington Avenue
P.O. Box 300152
Montgomery, Alabama 36130-0152
Telephone: (334) 242-7300;
Fax: (334) 242-2848
E-Mail: docketroom@ago.state.al.us

2242404/194886-001

11