# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# WESTERN DIVISION

| | |
|---|---|
| BILAL UZ ZAMAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case Number: |
| ) | 7:16-cv-1677-LSC-JEO |
| WILLIE THOMAS, Warden, and the ) | |
| ATTORNEY GENERAL FOR THE ) | |
| STATE OF ALABAMA, ) | |
| ) | |
| Respondents. ) | |

## ORDER

The Petitioner, Bilal Uz Zaman, is confined at the Bibb Correctional Facility in Brent, Alabama.  He is serving a 20-year sentence imposed by the Circuit Court of Morgan County, Alabama, CC-2014-0791, following his conviction at trial on a charge of sodomy in the first degree.  Petitioner has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner has been granted leave to proceed *in forma pauperis*.  After the court issued an order to show cause (Doc. 4), the State has filed an Answer asserting that habeas relief is due to be denied.  (Doc. 5).

The court deems the case ripe for summary disposition under Rule 8(a) of the Rules Governing Section 2254 Cases on the basis of the defenses asserted in the Respondents' answer.  *See McBride v. Sharpe*, 25 F.3d 962 (11th Cir. 1994).  The purpose of this Order is to notify Petitioner that the case will be treated by the court as

ripe for summary disposition and to further inform Petitioner of his right to file affidavits or other materials to show why the petition should not be summarily denied or dismissed on the basis of the answer and record supplied by the State.

To the extent the State seeks summary disposition of the petition on grounds of non-exhaustion, untimeliness, procedural default, successiveness, abuse of the writ, or other such procedural grounds, petitioner may wish to offer affidavits or other evidence establishing facts to rebut those asserted defenses. Petitioner may wish to offer counter-affidavits or other admissible evidence to show that either he has exhausted all remedies or that resort to such remedies are futile. Similarly, petitioner may wish to offer evidence to establish cause and prejudice excusing procedural default, statutory or equitable tolling of the limitations period, successiveness, or an abuse of the writ, or otherwise make a showing of factual innocence in order to establish a fundamental miscarriage of justice exception to these procedural rules. *See generally McQuiggin v. Perkins*, 133 S. Ct. 1924 (2013); *Trevino v. Thaler*, 133 S. Ct. 1911 (2013); *Holland v. Florida*, 560 U.S. 631 (2010). The court will review and consider the court record supplied by the State and any additional evidentiary material offered by Petitioner in making a determination whether the petition should be summarily disposed of.

Petitioner shall have twenty-one (21) days from the date of this Order to supply any additional evidentiary materials or legal arguments he may wish to offer with regard to whether the petition is subject to summary disposition. Thereafter, the Court will take the petition under advisement for consideration in light of the State's answer and the exhibits thereto and any additional materials supplied by Petitioner.

It is **SO ORDERED**, this the 4th day of November, 2016.

_____
**JOHN E. OTT**
Chief United States Magistrate Judge